IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CLYDE DALE EVANS | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-11-CV-0057-D |
| | § | |
| FEDERAL BUREAU OF PRISONS, ET AL. | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil action brought by Clyde Dale Evans, a federal prisoner, challenging his custody classification and other aspects of his confinement while incarcerated at FCI Seagoville and USP Beaumont in 2006 and 2007.[1] On January 10, 2011, plaintiff filed a form civil rights complaint with the district clerk. He later filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. After reviewing plaintiff's complaint and answers to written interrogatories filed on March 16, 2011, the court determines that this case should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[1] Plaintiff is now incarcerated at a federal prison in Coleman, Florida.

II.

As best the court can decipher his complaint and interrogatory answers, plaintiff appears to allege that a corrections officer at FCI Seagoville intercepted a letter detailing his assistance to the government and shared the letter with 100 other prisoners. (*See* Mag. J. Interrog. #1(b) & 6). That incident occurred sometime during 2006 or early 2007. (*Id.*). In September 2007, plaintiff alleges that he was designated for placement at USP Beaumont based on an improper custody classification. (*See* Mag. J. Interrog. #4). Within days of arriving at the prison, plaintiff was attacked by inmates who were aware of his cooperation with the government. (*See* Mag. J. Interrog. #1(f) & 6). By this suit, plaintiff seeks $1 million in damages, transfer to a different facility, and criminal charges brought against the Seagoville corrections officer who published the letter detailing his assistance to the government.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 127 S.Ct. at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007), *cert. denied sub nom., Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

B.

The court initially observes that plaintiff's claims are barred by limitations. A civil rights claim under *Bivens* is subject to a two-year statute of limitations. *See Brown v. Nationsbank Corp.*, 188 F.3d 579, 590 (5th Cir. 1999), *cert. denied*, 120 S.Ct. 2740 (2000). The limitations period runs from "the moment the plaintiff knows or has reason to know of the injury that is the basis of his complaint." *Helton v. Clements*, 832 F.2d 332, 334-35 (5th Cir. 1987). According to plaintiff, all the events giving rise to his claims against the various defendants occurred in 2006 and 2007. Yet plaintiff did not file this lawsuit until January 10, 2011 -- more than *three years* later. It is clear from the face of the pleadings that this suit is time-barred. *See Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993) (court may summarily dismiss prisoner complaint if it is "clear" that the claims asserted are barred by limitations).

C.

Even if plaintiff's claims were not barred by limitations, they are subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii). With respect to his custody classification, plaintiff has failed to state a claim on which relief can be granted. "Although prisoners have a right to be free from cruel and unusual punishments, they have no constitutionally protected interest to serve their sentences in a

particular institution, or to be transferred or not transferred from one institution to another." *Brown v. Armendariz*, No. 3-07-CV-2154-O, 2009 WL 812156 at *8 (N.D. Tex. Mar. 26, 2009), *appeal dism'd*, No. 09-10357 (5th Cir. Oct. 14, 2009) (citing cases). Nor do prisoners have a constitutionally protected interest in their custodial classification once assigned to a correctional facility. *Id.* (citing cases). Here, plaintiff challenges only his custody classification by the BOP, which resulted in his transfer to USP Beaumont. Plaintiff does not allege that the BOP knowingly transferred him to an unsafe environment, or failed to transfer him to another prison after he was threatened by fellow inmates. (*See* Mag. J. Interrog. #4). On these facts, there is no cause of action under *Bivens*. *See Brown*, 2009 WL 812156 at *8.

To the extent plaintiff wants to bring criminal charges against the Seagoville corrections officer who published the letter detailing his assistance to the government, the court lacks jurisdiction to grant such relief. "[F]ederal courts have repeatedly held that violations of criminal statutes do not give rise to a private right of action." *Williams v. Cintas Corp.*, No. 3-07-CV-0561-M, 2007 WL 1295802 at *2 (N.D. Tex. Apr. 10, 2007) (collecting cases), *rec. adopted*, 2007 WL 1300780 (N.D. Tex. May 2, 2007). In order for a private right of action to exist, there must be "a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Ali v. Shabazz*, 8 F.3d 22 (Table), 1993 WL 456323 at *1 (5th Cir. Oct. 28, 1993), *quoting Cort v. Ash*, 422 U.S. 66, 79, 95 S.Ct. 2080, 2088, 45 L.Ed.2d 26 (1975). Not only has plaintiff failed to adequately plead a violation of any federal criminal statute, but he cannot maintain a private right of action as a result of any such violation. *Id.*, *quoting Johnson v. Kegans*, 870 F.2d 992, 1005 n.4 (5th Cir.), *cert. denied*, 109 S.Ct. 3250 (1989) (Goldberg, J., dissenting) (corrective process under criminal statutes "lie[s] entirely within the discretion of a governmental body").

Finally, plaintiff's claims arising out his assault by fellow inmates at USP Beaumont are the subject of another lawsuit currently pending in the Eastern District of Texas. *See Evans v. United States*, No. 1-09-CV-0853-MAC (E.D. Tex.). The claims made by plaintiff in this case are duplicative of those asserted in the prior action and should be summarily dismissed as malicious under 28 U.S.C. § 1915(e)(2)(B)(i). *See Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993); *Wilson v. Lynaugh*, 878 F.2d 846, 849-50 (5th Cir.), *cert. denied*, 110 S.Ct. 417 (1989).

## **RECOMMENDATION**

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 24, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE